**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Steven Ryan DOCK, Defendant–Appellant.**

**No. 14–10146.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 12, 2014.

Christina J. Reid–Moore, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Keith J. Hilzendeger, Assistant Federal Public Defender, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Steven Ryan Dock appeals from the 35–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dock contends that the district court erred by imposing sentence on the basis of the need to punish him for his original crime of conviction and his alcoholism. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. Although the court did discuss Dock's original crime and alcohol problem, it did so in the context of the section 3583(e) sentencing factors, particularly the need to protect the public, and did not impose sentence for punitive purposes. *See* 18 U.S.C. §§ 3553(a)(2)(C), 3583(e); *United States v. Simtob,* 485 F.3d 1058, 1062–63 (9th Cir. 2007) (at a revocation sentencing, district court may consider the history of the violator because section 3583(e) specifically directs courts to consider the history and characteristics of the defendant). Further, because this was Dock's third revocation offense, the 35–month sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *United States v. Miqbel,* 444 F.3d 1173, 1182 (9th Cir.2006) (at a revocation sentencing, the court may sanction a violator for his breach of the court's trust).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.